# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 95 C 7203 | DATE | JUNE 8, 2000 |
| CASE TITLE | VALERIA SMITH v. MICHAEL F. SHEAHAN, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motions in limine [79, 80, 81, 82, 83, 84, 86, 89] are denied. Defendant's motion in limine [85] is granted in part and denied in part. Defendant's motions [88] [87] are granted subject to plaintiff making a specific and sufficient showing outside the presence of the jury that any such evidence is relevant to the claim before the jury. Plaintiff's motions in limine [91, 93, 94] are denied. Plaintiff's motion in limine [92] is granted in part and denied in part. Plaintiff's motion in limine [95] is granted. Status hearing to report on settlement is set for June 21, 2000 at 11:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 6 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 12 2000 date docketed | |
| | Notified counsel by telephone. | | | 103 |
| | Docketing to mail notices. | | SB docketing deputy initials | |
| | Mail AO 450 form. | | 6/8/2000 date mailed notice | |
| | Copy to judge/magistrate judge. | | MQM mailing initials | |
| WJS | courtroom deputy's initials | Date/time received in central Clerk's Office | | |

VALERIA SMITH,                )
                              )
            Plaintiff,        )
                              )
       v.                     )    No. 95 C 7203
                              )
MICHAEL F. SHEAHAN, Sheriff   )
of Cook County, in his official )
capacity,                     )
                              )
            Defendant.        )

## MEMORANDUM OPINION AND ORDER

During the times pertinent to this lawsuit, plaintiff Valeria Smith was a correctional officer at the Cook County Jail, which is under the authority of defendant Cook County Sheriff. Smith claims that, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., she was subjected to a hostile work environment because of her gender. Specifically, plaintiff complains that, on August 30, 1992, she was physically assaulted by another correctional officer, Ronald Gamble, resulting in a severe injury to her wrist that required surgery. The assault is not claimed to have been sexual in nature, but is claimed to have been because of plaintiff's gender, which is a basis for a Title VII harassment claim. Smith v. Sheahan, 189 F.3d 529, 533 (7th Cir. 1999) ("Smith III"). Further, it is claimed that the Sheriff had permitted an atmosphere hostile to

103

female employees and that Gamble had previously exhibited hostility toward female employees without any action being taken that might reasonably have prevented the incident with plaintiff. See id. at 534-35. Additionally, it is claimed that the Sheriff did not take sufficient remedial actions after plaintiff reported the assault to her supervisor. After she reported the incident, plaintiff was transferred away from Gamble to a position that she considered to be less desirable and there were no further incidents between plaintiff and Gamble. Even though no further harassment of plaintiff occurred, defendant's response to the incident could still be found to be an insufficient remedial action. See id. at 535.

In addition to her Title VII claim against the Sheriff, plaintiff brought a common law assault and battery claim against Gamble. On plaintiff's motion for judgment on the pleadings, it was held that Gamble's related conviction for battery collaterally estopped Gamble from denying liability on the tort claim. See Smith v. Sheahan, 959 F. Supp. 841 (N.D. Ill. 1997) ("Smith I"). Plaintiff and Gamble subsequently entered into a settlement agreement.

Following the close of discovery, the Sheriff's motion for summary judgment was granted on the ground that there was insufficient evidence of a sufficiently severe or pervasive hostile environment and because of an insufficient basis for finding the Sheriff had acted negligently in response to Gamble's conduct. See Smith v. Sheahan, 1997 WL 797663 (N.D. Ill.

Dec. 24, 1997). That decision, however, was reversed on appeal. See Smith III, 189 F.3d 529. The Seventh Circuit held that the single incident of assault causing the wrist injury was severe enough to constitute a hostile work environment, especially when considered in light of Gamble's harassment of other female employees. Smith III, 189 F.3d at 533-34. The Seventh Circuit also held that the prior reported incidents with other female employees supported a factual dispute as to whether the Sheriff was negligent in preventing the assault on plaintiff. Id. at 535. Additionally, the Seventh Circuit held that sufficient evidence existed to support that the Sheriff's response to the report of Gamble's assault on plaintiff was a negligent remedial response. Id.

Following the remand from the Seventh Circuit, the remaining parties, that is plaintiff and the Sheriff in his official capacity, were required to submit a final pretrial order. Along with the pretrial order, the parties presented a number of motions in limine which are pending for ruling. Defendant's motions in limine will be considered first.

The Sheriff moves to bar the testimony of six female correctional officers regarding confrontations they had with Gamble. According to affidavits and statements,[1] which were previously submitted in response to defendant's motion for summary judgment and considered by this court and the Seventh Circuit in ruling on that motion, these women would provide the

---

[1] No deposition testimony has been provided.

following testimony. Correctional Officer Yvonne Averhart states[2] that, in 1989, Gamble made comments about her body and called her a "bitch." She did not report this incident. In 1993, Gamble called Averhart a "bitch" and stated he would "kick [her] ass." The 1993 incident was reported to a superior. Correctional Officer Myra Greene states that, in 1989, Gamble took a telephone out of her hand, called her a "bitch," and threatened to "kick [her] ass." Greene reported this incident to a sergeant and supervisor and, as far as she knows, nothing was done. On December 25, 1992, Gamble played a practical joke on Correctional Officer Renee Hardimon. When she threatened to report the incident, Gamble said "I will kick your ass," and added, "[The supervisor] won't do anything, anyway." Hardimon reported the incident to a captain who downplayed the incident and told her not to worry about it. Hardimon also reported the incident to a shift commander who did not follow up.

In Fall 1992, Correctional Officer Lois Hempen complained to Gamble about broaching security rules in Hempen's assigned area. Gamble said "he would slap the fucking shit out of" her. Another officer intervened to separate them, during which time Gamble continued to threaten to kick her ass and break her body, and also made other threats. Hempen did not report this incident to a superior. Correctional Officer Kim Pemberton states that

---

[2]Defendant's motion provides a description of Averhart's statement which is accepted as true for purposes of today's ruling. The motion purports to attach Averhart's statement, but instead mistakenly attaches the statements of another officer.

- 4 -

Gamble would give her a hard time every time he came through the Interlock where she was employed. In 1990 or 1991, there was an incident where Gamble eventually said, "Let me back through, bitch, I'm going to kick your ass," and then repeated several times, "I'm going to fuck you up bitch." A sergeant intervened to hold Gamble back from attacking Pemberton. Pemberton wrote up the incident, but the Captain to whom the report was submitted ripped it up. In early 1993, Correctional Officer Constance Wilson had a confrontation with Gamble after she stopped a video being shown to inmates because of its sexual content. Gamble confronted her in a "hostile" manner in front of the inmates. Wilson reported this incident to the Lieutenant and, to the best of her knowledge, there was no resulting punishment or reprimand.

This same evidence was expressly considered by the Seventh Circuit in ruling on summary judgment. See Smith III, 189 F.3d at 531-32. It is the law of the case that it is relevant to showing that Gamble's assault on Smith was gender-based discrimination. See id. at 533. It is also the law of the case that the evidence is relevant to proving the existence of a hostile environment, even if Smith was unaware of these incidents prior to the August 30, 1992 incident. See id. at 534. Additionally, it is the law of the case that the incidents claimed to be reported to superiors are relevant to determining whether the Sheriff reasonably responded to Gamble's conduct. See id. at 535. Even unreported incidents may be relevant to showing that the conduct was so pervasive that knowledge on the

part of the Sheriff may be inferred. See Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 72 (1986). The motions in limine regarding this evidence will be denied.

Defendant moves to bar evidence regarding the court finding of guilt in Gamble's criminal trial. Alternatively, defendant moves to bar referring to the result in that trial as a "conviction" or any variation of the word "convict." Without any supporting documentation, defendant contends that no judgment of conviction was entered as to Gamble, but that he was instead placed on three months' supervision and then discharged upon successful completion of the supervision.

Contrary to plaintiff's response, the finding of guilt may not be used as evidence that Gamble battered plaintiff. Although Gamble was estopped from denying he battered plaintiff, no such holding was made as to the Sheriff. See Smith I, supra. Plaintiff did not even bring a motion to that effect, and for good reason, collateral estoppel would not apply to the Sheriff since he was not a party to Gamble's criminal proceeding. Czajkowski v. City of Chicago, Ill., 810 F. Supp. 1428, 1433 (N.D. Ill. 1992). Since the Sheriff is not bound by the finding in the criminal court, the finding of the criminal court cannot be presented as proof that the findings are true.

The guilty finding, however, is relevant for another reason. Evidence that the Sheriff's Department was aware Gamble was found guilty would be relevant to the determination of whether the Sheriff acted reasonably following the incident with

plaintiff. An employee's finding of guilty presumably would be a pertinent consideration for an agency involved in law enforcement. Plaintiff may present evidence that Gamble was found guilty and that his supervisors were aware of this. Plaintiff, however, may not use the finding of guilt as evidence that Gamble battered plaintiff.

Defendant also raises the semantical issue of whether it is correct to say that Gamble was convicted. Even if defendant is correct as to the technical term for the result of Gamble's trial, it is doubted that there would be any prejudice to defendant in using the term conviction before the jury. But in order to avoid possible prejudice, the parties shall instead refer to it as a finding of guilt.

Defendant moves to exclude evidence that two correctional officers, one male and one female, were disciplined in regards to separate incidents in which each had a physical altercation with an employee of the same sex. Plaintiff wants to show that the Sheriff applies different discipline rules when the altercations are between members of the same sex. Assuming the physical altercations are sufficiently similar, and defendant does not contend they are not, this would be probative evidence regarding the Sheriff taking action to prevent Gamble's conduct.

Defendant also objects to this evidence on the ground that it was not disclosed in discovery. Plaintiff responds that the evidence was disclosed in response to the summary judgment motion. Although dilatory disclosure is not condoned, the

evidence should not be excluded where there is no prejudice to the opposing party. See Fed. R. Civ. P. 37(c)(1); Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996); Heidelberger Druckmaschinen AG v. Ohio Electronic Engravers, Inc., 2000 WL 631382 *5 (N.D. Ill. May 12, 2000). Defendant received notice of this evidence in 1997. Defendant has had adequate time to consider and investigate this evidence prior to both completion of the pretrial order and the trial, for which no date has yet been set. The motion in limine to bar evidence regarding discipline of the two officers will be denied.

In two motions in limine, defendant seeks to exclude evidence that other employees besides Gamble engaged in sexual and/or gender harassment, including the Lieutenant who supervised Gamble and plaintiff at the time of the incident. Neither party provides any details, nor even a summary, of what this other evidence would be. In Smith III, the Seventh Circuit stated: "Although they may be less important in defining her work environment than the assault she experienced firsthand, incidents 'directed at others and not the plaintiff . . . do have some relevance in demonstrating the existence of a hostile work environment.'" Smith III, 189 F.3d at 534 (quoting Gleason v. Mesirow Financial, Inc., 118 F.3d 1134, 1144 (7th Cir. 1997)). Smith III, however, was referring to incidents involving Gamble. Gleason, 118 F.3d at 1144-45, was referring to incidents that at least occurred in plaintiff Gleason's presence. Also, Gleason emphasizes the weakness of such evidence and concluded that the

evidence in that case was insufficient to constitute a hostile work environment.

Without knowing the precise nature of the evidence, it is difficult to rule on these two motions. It is certainly within the court's discretion to limit cumulative evidence, especially cumulative evidence that is only tangentially related to plaintiff's claim. Isolated instances of harassment in which plaintiff was not involved do not constitute a hostile environment. Even evidence that the supervising Lieutenant engaged in sexual harassment in that he sought sexual favors from at least one of the female correctional officers is not clearly pertinent to whether he was motivated not to discipline Gamble. Since plaintiff has not responded by sufficiently showing the relevance of this evidence, it will be excluded subject to plaintiff making a showing outside the presence of the jury that the evidence is sufficiently linked to the alleged hostile work environment of plaintiff.[3]

Defendant's last motion is to preclude the parties or a witness from referring to Gamble's new assignment as a "promotion." Defendant contends it was a lateral transfer, with a pay increase of less than $.10 per hour. Either party may bring out the facts concerning the reassignment. The facts of

---

[3] Defendant's alternative argument that this evidence should be excluded because not raised in plaintiff's EEOC charge is rejected. Plaintiff is not attempting to raise a separate claim. An EEOC charge need not recite all the evidence that supports a charge. (Also, in making this argument, defendant fails to support it with a copy of plaintiff's EEOC charge.)

the reassignment will speak for themselves and the jury will make its own decision as to their implication and importance. If plaintiff in opening statements or closing arguments, or any witness, wishes to characterize this new assignment as a promotion, there is a sufficient factual basis for such a statement. Defendant, or any witness, will not be precluded from characterizing it otherwise. The motion will be denied.

Plaintiff moves to bar reference to alleged incidents between Gamble and two other male correctional officers. Plaintiff contends that these incidents did not rise to the level of confrontation involved in Gamble's confrontations with plaintiff and other female correctional officers. Defendant represents that the incidents referred to occurred on August 30, 1992, shortly before the incident that is central to this suit. Assuming the truth of this representation, defendant is correct that these incidents are admissible to show Gamble's state of mind and the circumstances at the time Gamble had his confrontation with plaintiff. This motion will be denied.

Plaintiff moves to bar reference at trial to plaintiff's workers' compensation claims. Defendant contends that evidence of preexisting conditions is relevant to the issue of what injuries and damages were caused by Gamble's assault. Defendant also contends that evidence of prior payments is relevant to avoiding duplication of damages. Neither party sets forth whether there was an insurance carrier or the Sheriff was self-insured for the workers' compensation coverage.

The fact that plaintiff sought compensation through workers' compensation is not relevant and no reference to workers' compensation coverage or the filing of a claim will be permitted. To the extent there is evidence supporting that the wrist injury was the continuance of prior injuries or that any of the pain and suffering was the continuance of prior injuries, defendant will not be precluded from presenting evidence of the preexisting injuries or conditions as long as no reference is made to seeking workers' compensation for any prior injuries. The jury will be appropriately instructed regarding consideration of preexisting injuries and conditions and causation.

Evidence regarding prior payments is also excluded because it is not pertinent to any issues that will be before the jury. To the extent an insurer or defendant is entitled to be indemnified, that would be the subject of a separate suit or a lien, neither of which would be an issue for the jury. To the extent defendant is entitled to an offset, that would also be an issue for a separate action or the court, not the jury trying plaintiff's Title VII claim.

Plaintiff moves to bar reference to defendant's sexual harassment policy known as general order 3.7A. Plaintiff contends this policy is irrelevant because it only applies to harassment that is sexual in nature, not nonsexual gender harassment which is the subject of plaintiff's claim. Again, no copy of the Order is provided, but defendant quotes it as defining "sexual harassment" as ". . . unwelcome sexual advances,

request for sexual favors, and <u>other verbal or physical conduct of a sexual nature</u> . . . when such conduct has the purpose or effect of unreasonably . . . creating an intimidating, hostile or offensive work environment." (Emphasis added.) Defendant contends that the emphasized phrase encompasses nonsexual gender harassment. No representation is made regarding whether testimony would support that this language has been so construed and applied by the Sheriff.

Describing conduct or language as being "of a sexual nature" usually refers to sexual activity, not gender. But it is not the only possible interpretation and, in any event, the actual practices of the Sheriff are the pertinent facts. The Sheriff's policies regarding harassment certainly are at issue in this case. Sexual harassment is a form of gender harassment and is closely related to nonsexual gender harassment. See Smith III, 189 F.3d at 533-34. General Order 3.7A would be relevant to the Sheriff showing what the existing policies were regarding disciplining Gamble's type of behavior.[4] This motion will be denied.

Plaintiff seeks to exclude evidence of an encounter plaintiff allegedly had with a female "Psych Ward" worker shortly before the altercation with Gamble. Just as Gamble's conduct preceding the incident is relevant to his state of mind and as surrounding circumstances, plaintiff's conduct on that day is

---

[4]Also, the Order may be relevant to any evidence of sexual harassment by the Lieutenant or others that might properly be admitted into evidence.

relevant to showing plaintiff's state of mind at the time of the Gamble altercation and may support defendant's version of the altercation. This motion will be denied.

Last plaintiff moves to bar reference to the fact that plaintiff also sued Gamble and that Gamble settled with plaintiff. This motion has merit. Contrary to defendant's contention, the amount of the settlement with Gamble is not relevant to the jury's determination of damages. Even if defendant is entitled to an offset for any amounts actually collected from Gamble, that is an issue for the court, not the jury. Defendant's contention that having a tort remedy available somehow reduces defendant's duty to remedy a hostile work environment and makes the environment itself less hostile is not supported by any citation and is, in any event, without any merit. This motion will be granted.

IT IS THEREFORE ORDERED that:

(1) Defendant's motions in limine to bar any testimony, evidence, or reference to Yvonne Averhart [79], Myra Greene [80], Renee Hardimon [81], Lois Hempen [82], Kim Pemberton [83], and Constance Wilson [84] are denied.

(2) Defendant's motion in limine to bar any testimony, evidence, or reference to the finding of the criminal court on May 25, 1993 in the matter of People v. Gamble [85] is granted in part and denied in part. The finding of the court may not be used to prove that Gamble engaged in the conduct for which he was

found guilty. Before the jury, the result of <u>People v. Gamble</u> shall not be referred to as a conviction of Gamble.

(3) Defendant's motion in limine to bar any testimony, evidence or reference to Raymond Rascoe and/or Carol Gluszak [86] is denied.

(4) Defendant's motions to bar any testimony, evidence or reference to allegations that Lieutenant Anderson [88] and other employees [87] other than Gamble engaged in sexual/gender harassment are granted subject to plaintiff making a specific and sufficient showing outside the presence of the jury that any such evidence is relevant to the claim before the jury.

(5) Defendant's motion in limine to bar testimony, evidence or reference to and from using the word "promotion" to describe Ronald Gamble's assignment after the August 30, 1992 incident is [89] denied.

(6) Plaintiff's motion in limine to bar reference at trial of so-called "similar" incidents involving Gamble and other male correctional officers [91] is denied.

(7) Plaintiff's motion in limine to bar reference at trial to plaintiff's workers' compensation claims [92] is granted in part and denied in part. No reference is to be made to the fact that plaintiff filed a workers' compensation claim or to the fact that plaintiff received any workers' compensation payments.

(8) Plaintiff's motion in limine to bar reference at trial to defendant's sexual harassment policy know as General Order 3.7A [93] is denied.

(9) Plaintiff's motion in limine to bar reference at trial to any alleged altercation between plaintiff and a Psych Ward worker on the day of the incident with Gamble [94] is denied.

(10) Plaintiff's motion in limine to bar reference at trial to plaintiff's civil lawsuit and settlement thereof with former defendant Ronald Gamble [95] is granted.

(11) Status hearing to report on settlement is set for June 21, 2000 at 11:00 a.m.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: JUNE 8, 2000